## In re Morton.

[No. 11,592.   Filed November 21, 1922.]

Master and Servant.—*Workmen's Compensation Act.—Employment Certificate Issued to Minor.—Validity.—Compensation.*— As §19 of Acts 1921 p. 337 (§6674a *et seq.* Burns' Supp. 1921), concerning school attendance and employment of minors, makes unlawful the employment of a minor between the ages of fourteen and eighteen years to work in any gainful occupation, except to perform farm labor or domestic service, unless the employer first secures and files an employment certificate issued by the issuing officer of the school corporation in which the minor resides, such certificate to be issued only on receipt of proof of age, physical fitness, prospective employment, and schooling, which must show that the minor has completed the eighth grade of the common schools, an employment certificate issued to a minor fourteen years old who had been excluded from school under §5 (§6674e Burns' Supp. 1921) of the act for mental incapacity who has completed the eighth grade of

the public schools or its equivalent, is unauthorized, and an injury to him in the course of his employment is not compensable under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), the employment being unlawful.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one John Morton. Certified question of law by the Industrial Board. *Question answered.*

REMY, J.—On September 11, 1922, John Morton, age fourteen, having completed the fifth grade of the public schools of his school district, was, by the school superintendent of such district, excluded from such schools on the ground that he was mentally unfit for school attendance. The order of exclusion was certified to by a physician of good standing. On September 18, 1922, upon the request of an operator of a woolen mill in the school district in which Morton resided, and upon the application of Morton and his father, a certificate was issued to Morton purporting to authorize him to take employment with such operator, and to work in the woolen mill. On October 3, 1922, while the public schools of said district were in session, Morton received a personal injury from an accident arising out of and in the course of his employment. For the injuries thus received, Morton filed with the Industrial Board his application for compensation. The claim is made both against the operator of the woolen mill and the insurance carrier. To the application for compensation, the insurance carrier has filed a motion to dismiss, setting up all the facts hereinabove stated, which facts are not in dispute.

The Industrial Board submits for the decision of this court the following question: "Does the Industrial Board have jurisdiction to hear and determine the claim

of the said John Morton for compensation?" The question involves the construction of certain sections of the act of March 7, 1921, "concerning the school attendance and employment of minors." Acts 1921 p. 337, §6674a *et seq.* Burns' Supp. 1921.

Section 5 of the act of 1921, *supra,* provides that, "Unless otherwise provided herein, every child between the ages of seven and sixteen years shall attend" school "each year during the entire time the public schools are in session in the school district in which such child resides," and that "the school superintendent of any attendance district" may have such children examined, and "may exclude or excuse from school any child found mentally or physically unfit for school attendance, provided such exclusion or excuse is approved and certified to by a physician of good standing, and provided further that such exclusion or excuse shall be valid for not longer than the school year during which it is issued." Morton, having been excluded from school under this section of the law, because of mental incapacity, and having been given an employment certificate by the issuing officer of his school district, was employed to work in the woolen mill, where a few days later, and while in the line of his employment, he received the injury for which compensation is claimed. If Morton was lawfully employed at the time of his injury, he is entitled to compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921. The legality of his employment depends upon the validity of the certificate purporting to authorize his employment.

Section 19 of the act under consideration, Acts 1921 p. 337, *supra,* makes unlawful the employment of a minor between the ages of fourteen and eighteen to work in any "gainful occupation," except "to perform farm labor or domestic service," unless the employer

shall first have secured and placed on file an employment certificate issued by the issuing officer of the school corporation in which such minor resides. The section further specifically provides that the officer authorized to issue employment certificates shall issue no such certificate except to "a minor whose employment is necessary and not prohibited by law, and only upon the receipt of the following four documents herein referred to as proof of age, proof of physical fitness, proof of schooling, and proof of prospective employment." Then follow statements as to what the documents as to "proof of age," "proof of physical fitness," "proof of schooling" and "proof of prospective employment" shall include. The paragraph of the section setting forth what is required as to "proof of schooling," in so far as it applies to the question under consideration, is as follows: "The requisite, prescribed schooling of any minor herein contemplated shall be proved by a certificate signed by the superintendent, principal or teacher of the school last attended, showing that the minor can read and write correctly sentences in the English language, and showing that he has satisfactorily completed the eighth grade of the common schools, or its equivalent."

No further or different authority for the issuance of employment certificates is provided in §19, Acts 1921 p. 337, *supra,* or in any other section of the act. There is no authority given for the issuance of employment certificates to minors between the ages of fourteen and sixteen who have not completed the eighth grade or its equivalent and who have been excluded from school because of mental incapacity. We have no authority to read into the law what the lawmakers have omitted. It follows that the issuance of the employment certificate to Morton was without authority, and his employment unlawful. .

The question submitted is answered in the negative.