## In re Industrial Board.

### [No. 11,728.   Filed May 18, 1923.]

STATUTES.—*Workmen's Compensation Act.—Amendment.—Failure to Set Out Act as Amended.—Validity.—Constitutional Provisions.*—Acts 1923 p. 244, purporting to amend Acts 1919 p. 158, amending the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), by adding thereto a new section to be numbered three, without setting out the subsections of section one of the act of 1919 affected by such section three added thereto by such act of 1923, and purporting to repeal Acts 1919, §1, subsec. 76, cl. b, without setting out section one, as amended, or subsec. 76 or part thereof, *held* invalid as being in violation of Art. 4, §21, of the Constitution, providing that no act shall be revised or amended by mere reference to its title, but that the act revised or section amended shall be set forth and published at full length, the act of 1923 not being a supplemental act, but an amendatory act.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act, in which the Industrial Board certified a question of law to the Appellate Court. *Question answered.*

REMY, J.—An act, hereinafter referred to as the act of 1915, providing for compensation for personal injuries or death sustained by employes in the cöurse of employment, and creating the Indiana Industrial Board, was enacted in 1915.  Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921.  In 1919, by an act consisting of but two sections, thirty-one sections of the act of 1915 were amended, all of the sections as amended being set out as subsections of §1 thereof.    Section 2 of the amending act, which is hereinafter referred to as the act of 1919, is a repealing section.    Acts 1919 p. 158. The General Assembly, session of 1923, passed an act, hereinafter designated as the act of 1923 (Acts 1923 p. 244), purporting to amend the act of 1919, Acts 1919 p. 158, by adding thereto a section to be known as "Section 3," the title to which act is as follows:    "An act to amend an act entitled 'An act entitled an act to amend §§5, 8, 9, 13, 14, 15, 18, 22, 23, 25, 31, 37, 38, 39, 42, 43, 45, 46, 47, 48, 50, 51, 56, 58, 63, 65, 68, 69, 70, 73, and 76 of an act entitled "An act to promote the prevention of industrial accidents; to cause provision to be made for adequate medical and surgical care for injured employees; to establish rates of compensation for personal injuries or death sustained by employees in the course of employment; to provide methods of insuring the payment of such compensation; to create an industrial board for the administration of the act, and to prescribe the powers and duties of such board; to abolish the state bureau of inspection and provide for the transfer to said industrial board certain rights, powers and duties of said state bureau of inspection," approved March 8, 1915,' approved March 10, 1919."

The constitutionality of the act of 1923, Acts 1923 p. 244, having been challenged, the Industrial Board certifies to this court the following question:    "Is the act of the General Assembly, approved by the Governor

March 5, 1923, and published as chapter 76 of the acts of 1923, unconstitutional, because in violation of §21 Art. 4 of the Constitution of the State of Indiana?"

Article 4, §21, of the Constitution is as follows: "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length."

The act of 1923 consists of two sections, and is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, that the above entitled act be amended by adding thereto a new section to be numbered §3 to read as follows: Section 3. The term 'employee' as used in this act and in the act of which this act is amendatory shall be construed to include every person, including a minor fourteen years of age or over, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. Except as herein provided, all such minor employees are hereby made of full age for all purposes, under, in connection with or arising out of this act. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. Except as hereinafter otherwise provided, if the employee be a minor of the age of fourteen years or over who at the time of the accident is employed, required, suffered or permitted to work in violation of any of the provisions of any of the child labor laws of this state, the amount of compensation and death benefits as provided in this act shall be double the amount which would otherwise be recoverable. The insurance carrier shall be liable on its policy for one-half of the compensation or benefits that may

be payable on account of the injury or death of such
minor and the employer shall be wholly liable for the
other one-half of such compensation or benefits; pro-
vided that if such employee be a minor who is not less
than sixteen years, and not more than eighteen years
of age, and who at the time of the accident is employed,
suffered, or permitted to work at any occupation which
is not prohibited by law, the provision of this act pre-
scribing double the amount otherwise recoverable shall
not apply.   The rights and remedies herein granted to a
minor subject to this act on account of personal injury
or death by accident shall exclude all rights and reme-
dies of such minor, his parents, his personal representa-
tives, dependents, or next kin at common law, statutory
or otherwise on account of such injury or death.   This
act shall not apply to minors under fourteen years of
age.

"Section 2.   That paragraph (b) of §76 of §1 of the
above entitled act be and the same is hereby repealed."

This act does not, as §1 thereof implies, leave the pro-
visions of the act of 1919 (Acts 1919 p. 158) unamend-
ed, and add thereto additional provisions.   It does not
purport to be, and is not, a supplemental act.   See, Mc-
Cleary v. Babcock (1907), 169 Ind. 228, 82 N. E. 453.
It is an attempt to do what its title announces, that is,
to amend the provisions of the act of 1919.   It is not
necessary to set out specifically the provisions which it
is sought to amend.   It is sufficient to say that several
of the subsections of §1 of the act of 1919 (Acts 1919 p.
158) would be materially modified by the added section.
There is not a provision of the act of 1923 (Acts 1923
p. 244) that does not affect some provision of the act of
1919.   It will also be observed that §2 of the act of
1923 purports to repeal clause (b) of §76 of §1 of the
act of 1919 (Acts 1919 p. 158) without setting out §1
as amended.   It does not even set out subsection 76, or

any part thereof. It is settled by the decisions of the Supreme Court of this state, that in an amendment of an act or a section of an act, "the act as revised, or section as amended, must be set forth and published at full length." *Lingquist* v. *State* (1899), 153 Ind. 542, 55 N. E. 426. It necessarily follows that the act of 1923 (Acts 1923 p. 244) is unconstitutional.

McMahan, J., not participating.