STATE, EX REL. LYNCH COAL OPERATORS' RECIPRO-
CAL ASSOCIATION *v.* McMAHAN ET AL.

[No. 24,370. Filed January 17, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appellate Court.—Answers to Questions Propounded by Industrial Board.—*Answers given by the Appellate Court to questions of law submitted by the Industrial Board are not an adjudication of any question, but are merely for the guidance of the board and to expedite the business of the board. p. 153.

2. MANDATE.— *Supreme Court.— Appellate Court's Answer to Question Propounded by Industrial Board.—*The Supreme Court will not mandate the Appellate Court to vacate its decision as to the constitutionality of a section of the Workmen's Compensation Act, in answer to a question propounded by the Industrial Board, since such decision is advisory only, and does not constitute an adjudication of the constitutionality of such law. p. 153.

3. PROHIBITION.—*Supreme Court.—Appellate Court's Decision as to Constitutionality of Workmen's Compensation Act.—*The Supreme Court will not issue a writ of prohibition against the Appellate Court exercising jurisdiction to declare the Work-

men's Compensation Act unconstitutional, in answer to a question propounded by the Industrial Board, since any decision given by it would be advisory only, and not an adjudication as to the constitutionality of the statute that would be binding on the Appellate Court in a subsequent case involving the same issue, and the Supreme Court cannot decide, on an application for a writ of prohibition, whether the Appellate Court answered the question correctly.    p. 154.

Original action in Supreme Court for a writ of mandate and prohibition against the Appellate Court. *Petition denied.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell, George W. Buff, Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb,* for appellant.

*U. S. Lesh,* Attorney-General, for appellees.

PER CURIAM.—This is an original action filed in this court, in which the petitioner asks that a writ of mandate be issued against the Appellate Court and the judges thereof directing them to vacate a certain opinion and decision of said court rendered on May 18, 1923, and asks that a writ of prohibition be issued prohibiting them from exercising any jurisdiction to declare as unconstitutional and void chapter 76 of the Acts of the Indiana General Assembly of 1923.    (Acts 1923 p. 244.)

It appears from the petition that on the ——— day of ————, 1923, the Industrial Board of Indiana, purporting to act under §61 of the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921), of its own motion, propounded to the Appellate Court a question as to whether chapter 76 of the Acts of 1923 (Acts 1923 p. 244) was unconstitutional, because of being in violation of Art. 4, §21, the Constitution of the State of Indiana.

That the Appellate Court on May 18, 1923, answered said question in the affirmative and rendered a decision, or gave to said board an opinion that said act was unconstitutional.·

The petition alleges that said court is without any power or jurisdiction to pass upon or determine that said act is unconstitutional, on a question of law certified to said court, by said board. That the petitioner is engaged in writing insurance agreeing to pay compensation to injured employees and dependents of deceased employees of employers coming under said Workmen's Compensation Act, (Acts 1915 p. 392, *supra*) and that if it writes insurance agreeing to pay any compensation not provided for by the acts relating to compensation, that said Industrial Board will revoke its certificate of authority to engage in such business, because of a rule of said board prohibiting any such association from contracting for any risks other than included in the Workmen's Compensation Law (Acts 1915 p. 392, *supra*).

The Appellate Court has held, and we think correctly, that when it answers a question propounded by said board, as in this case, that the answer to such 1. question is not an adjudication of any question, but that said answer is for the guidance of said board, and to expedite the business of said board. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479.

It was held in the above case that the answer such court made to such a question would not be binding upon said court in a case involving the facts upon which the question was based. The effect, then, of an answer to such a question propounded, is advisory only.

If this is the effect of such a proceeding, then it is not different from an opinion given by the attorney-general, to a state officer concerning the duties of 2. such officer, as provided by §9275 Burns 1914, Acts 1889 p. 124. Certainly no court would have

jurisdiction to issue a writ commanding the attorney-general to withdraw or set aside an opinion he had given to a state officer as to the validity of a law relating to such officer's duties.

If the Appellate Court cannot be required nor authorized by law to answer such a question because it is not a judicial proceeding, as is alleged by petitioner, then that court could refuse to answer the same, and if, in that view of the case, it did answer the question, its answer would have no effect, at least so far as the petitioner is concerned.

The question of the validity of the Act of 1923 (Acts 1923 p. 244) can be raised by a legal proceeding, as is pointed out by petitioner in its brief filed with 3. the petition herein, but it cannot be raised in this proceeding, and neither can we decide whether the Appellate Court answered the question of the Industrial Board correctly.

The petition for a writ of mandate and for a writ of prohibition, asked for in the petition, is denied.