VENABLE v. FAIRMOUNT GLASS WORKS ET AL.

[No. 11,966. Filed December 4, 1924. Rehearing denied January 30, 1925. Transfer denied May 13, 1925.]

1. MASTER AND SERVANT.—*Motion to dismiss application for review of award by Industrial Board constituted waiver of defects in service of notice.*—Claimant's motion before the Industrial Board to dismiss employer's application for review of award because of changed conditions amounted to a general appearance and constituted a waiver of any defects in the service of notice of the application. p. 81.

2. APPEAL.—*Appellate Court does not have jurisdiction of appeal involving constitutionality of statute.*—Under the provisions of §1392 Burns' Supp. 1921, Acts 1915 p. 149, the

Venable *v.* Fairmount Glass Works—83 Ind. App. 77.

Appellate Court does not have jurisdiction of an appeal involving the constitutionality of a statute.    p. 82.

3. APPEAL.—*Constitutionality of statute cannot be raised in appeal from award of Industrial Board.*—The constitutionality of a statute cannot be raised in an appeal from an award of the Industrial Board.    p. 82.

4. APPEAL.—*Appellate Court must transfer appeal to Supreme Court when constitutionality of statute involved.*—Whenever the constitutionality of a statute is presented to the Appellate Court, it becomes its duty to transfer the appeal to the Supreme Court.    p. 82.

5. APPEAL.—*All appeals from Industrial Board must be taken to Appellate Court and its decisions thereon are final.*—All appeals from an award of the Industrial Board must be taken to the Appellate Court, and its decisions on such appeals are final.    p. 82.

6. MASTER AND SERVANT.—*Award of single member of Industrial Board becomes final and conclusive as to condition of claimant on failure to apply for review.*—Where parties to a claim for compensation under the Workmen's Compensation Act failed to file an application for a review of an award made by a single member of Industrial Board, it becomes final and conclusive as to condition of claimant at that time.    p. 83.

7. MASTER AND SERVANT.—*Evidence held to sustain finding of Industrial Board that claimant's total disability had ceased and that there was a permanent partial disability only.*—On an application to the Industrial Board by employer to review an award for total disability because of changed condition of claimant, evidence *held* sufficient to show that claimant's total disability had ceased and that the injury had resulted in a permanent partial disability only.    p. 83.

From Industrial Board of Indiana.

Proceeding under Workmen's Compensation Act by James Venable against the Fairmount Glass Works, employer, and Employers' Indemnity Corporation, insurer. From an award on employer's application to review because of change of claimant's condition, the claimant appeals. *Affirmed.* By the second division.

*William V. Rooker,* for appellant.

*James L. Murray,* for appellee.

McMAHAN, J.—Appellant while an employee of appellee glass works was the victim of an industrial acci-

dent. Having filed his application for compensation under the Workmen's Compensation Act, a hearing was had before a single member of the Industrial Board, who, on November 21, 1923, found that on September 20, 1923, appellant while in the employment of the glass works at an average weekly wage of $17.95, received a personal injury by an accident arising out of and in the course of his employment, of which the employer had notice, such injury being to the little finger of the right hand; that appellant had been totally disabled for work on account of said injury and was so disabled at the time of the hearing and award. The single member awarded appellant compensation at the rate of $9.87 per week, beginning September 28, 1923, and continuing so long as he was totally disabled for work, on account of said injury, the total compensation not to exceed $5,000 as to the amount and 500 weeks as to time.

No application was filed for a review of this award by the full board. Compensation was paid in accordance therewith to December 3, 1923, when appellees filed their application to review the award on account of changed conditions, alleging that the injury had resulted in a permanent partial impairment. On January 8, 1924, appellant entered what he calls a "special appearance" before the board and filed a verified motion "to set aside the notice issued herein, to vacate the order of setting and to dismiss the application" for the following reasons: (1) Want of notice, it being alleged that the only notice given appellant of the application for review was in the form of a letter addressed to the attorney who appeared for him on the hearing before the single member when the original award was made; (2) that the jurisdiction of the cause stated in the application for review was in the superior court of Marion county, it being alleged that appellant had, on December 7, 1923, commenced an action in that court

against appellees for damages by reason of alleged malpractice of a physician employed by appellees and by whom appellant was treated following his injury. This motion was overruled, after which appellant filed an answer denying there had been any change in his condition. The application for review was heard by a single member of the board, who on January 9, 1924, made a finding that the "application to review on account of changed conditions should be granted; that by reason of plaintiff's injury, he has suffered the total loss of the use of his little finger on his right hand, that the defendants have paid to the plaintiff ten weeks' compensation under the award of November 21, 1923." The single member awarded appellant twenty weeks' compensation at the rate of $9.87 per week beginning with September 20, 1923, and giving appellees credit for ten weeks' compensation theretofore paid.

Appellant having within seven days from the date of this award, filed his petition for a review by the full board, the application for review because of changed conditions was heard by the full board. The full board, after finding the facts concerning the injury, the finding and original award by the single member, together with the fact that no application to review that award by the full board had been filed, found there had been a change of appellant's condition since the original award in that, his total disability had ceased, and in that, the injury had resulted in a total and permanent loss of the use of the little finger of the right hand, and awarded compensation for twenty weeks from the date of the injury, allowing appellees credit for compensation theretofore paid.

Appellant has appealed from this last award. The errors assigned are: (1) The full board erred in overruling the motion to dismiss the application to review the original award by the single member of the board;

(2) the award of the full board is contrary to law; (3) the finding and award of the full board denies appellant equal protection of the law and takes his property in contravention of Article 14 of the Constitution of the United States; (4) and (5) the finding of the full board is not sustained by sufficient evidence and is contrary to law.

In support of the first assignment of error, appellant contends that the original award made by the single member of the board became final and conclusive, when no steps were taken to have it reviewed by the full board; that it was a property right which could not thereafter be taken from him without due process of law, which required notice and that the board was without jurisdiction on its own accord, without notice, to determine who were his agents and attorneys competent to receive notice in his behalf.

It is to be observed that the motion filed by appellant on entering his special appearance to the application to review because of changed conditions, was a

1. motion to set aside the notice, to vacate the order of setting and to dismiss the application. It not only asked that the notice be set aside, but it went further and asked that the application to review be dismissed. If it be treated as a motion to dismiss, the alleged defect in the service of notice is of no avail and must be treated as having been waived, as the filing of a motion to dismiss amounts to a full appearance. Appellant in his assignment of errors has raised no question concerning the overruling of any motion to vacate the service of notice. The assignment is, that the board erred in overruling his motion to dismiss. We will, therefore, give no consideration to the objections to the service of notice, but will proceed to a consideration of the motion to dismiss.

A large part of appellant's brief is devoted to an attack on the constitutionality of the Workmen's Compensation Act as a whole, and especially to an attack on the provision which permits a review because of changed conditions. It would seem as though appellant ought to be estopped from challenging the constitutionality of the act as a whole, since he voluntarily filed his application for compensation, submitted his claim for compensation to the board and, thereafter, received compensation in accordance with the award made in his favor. But we are not called upon to decide that question. Nor are we called upon to pass upon the constitutionality of the Workmen's Compensation Act as a whole, or as to any part thereof. This court has no jurisdiction over any appeal wherein the constitutionality of an act of the general assembly is involved. §1392 Burns' Supp. 1921, Acts 1915 p. 149. Whenever such a question is presented in an appeal to this court, which cannot be done in an appeal from award of the Industrial Board, it becomes our duty to transfer the cause to the Supreme Court. We must and will presume that appellant knew the Industrial Board is not a court, but a body clothed only with administrative powers and duties, (*United Paperboard Co.* v. *Lewis* [1917], 65 Ind. App. 356); that all appeals from an award made by that board must be taken to this court, §8020s2 Burns' Supp. 1921, Acts 1917 p. 155; that the decision of this court on an appeal from the Industrial Board is final, (*Kingan & Co.* v. *Ossam* [1921], 190 Ind. 554, 131 N. E. 81), and that this court has no jurisdiction over an appeal where the constitutionality of a statute is involved. If appellant had desired to test the validity of the statute, he, without doubt, could have done so in an action to enjoin the board from acting on the application to review, and if the judgment of the court had been adverse to him,

<sub>2-5.</sub>

he then could have appealed to the Supreme Court, where the question could have been presented to a court having jurisdiction to pass upon the validity of the statute. We, therefore, hold that no question as to the validity of the statute is presented for our determination. This holding disposes of all questions presented, except the questions relating to the sufficiency of the evidence to sustain the finding of the board.

No question is raised as to the sufficiency of the finding to sustain the award. The contention of appellant is that the finding is not sustained by the evidence. This contention cannot prevail. There is ample evidence to sustain the finding of the board. The finding of the single member, in support of the original award, was that appellant, because of his injury, had been totally disabled for work from the date of his injury to the date of the finding and award. Neither appellant nor appellee makes any claim that such finding was not in accord with the evidence introduced at that hearing. When the parties failed to file an application for a review of the original award of the single member, it became final and conclusive as to the condition of appellant at that time, and entitled him to an award during total disability, not to exceed $5,000 in amount or 500 weeks as to time. The only question remaining is whether the evidence before the full board on the hearing of the application for review is sufficient to show that appellant's total disability had ceased and whether, at that time, his injury had resulted in a total and complete loss of the use of the finger. Appellant was a witness on the original hearing and testified concerning the injury and the condition of his hand at that time. He testified that he had not been able to do any work as a result of his injury and was not able to use his hand. This was sufficient to sustain a finding that, at that time, he was totally disabled. There was also

evidence at that hearing relative to efforts made to procure an award by agreement during total disability, but which was not consummated because of appellant's contention that he should, in addition to the award for compensation, be paid a certain sum on account of a claim that he was entitled to damages because of alleged malpractice of the physician employed by appellees and to whom he was sent for treatment, and because of appellant's refusal to submit to an operation. On the hearing of the application to review, Dr. Moore testified that, at the request of appellant's attorney, he had made an X-ray of appellant's hand and had also examined his hand at his office. He also testified that he had while testifying before the board made an examination of the hand; that the injury to the little finger of the hand had reached a permanent stage, and that this finger was impaired or disabled 100 per cent.; that he believed the disability could be decreased considerably by an operation; that none of the other fingers was injured, and that appellant was not totally disabled to perform manual labor. Appellant was present at this hearing and testified as a witness. The Industrial Board saw him and heard the evidence as to the condition of his fingers and hand. The injury to his finger had reached a permanent stage, with no injury to other parts of his hand, and there was evidence that he was not then totally disabled to perform manual labor. In the face of the testimony that he was not totally disabled, appellant made no claim that he could not work or was totally disabled. The evidence is sufficient to sustain the finding that appellant was not then totally disabled and that his injury had resulted in a total loss of the use of the finger. This being true the finding is sustained by the evidence.

The award is affirmed.