MARMON MOTOR CAR COMPANY v. SPARKS.

[No. 13,067.  Filed April 4, 1928.  Rehearing denied June 28, 1928.]

*Joseph W. Hutchinson*, for appellant.

*Charles E. Cox*, for appellee.

McMAHAN, J.—Appellee, while in the employment of appellant, suffered a compensable injury. He filed his application with the Industrial Board for compensation. He was awarded compensation during total disability at the rate of $15.40 per week. The question in dispute related to the amount of compensation. Section

40 of the Workmen's Compensation Act, Acts 1915 p. 392, §9485 Burns 1926, provides that in computing compensation, the weekly wages shall be considered not to be more than $26, nor less than $10. Chapter 34, Acts 1927 p. 90, provides that the average weekly wages of an employee shall be considered not to be more than $30, nor less than $16. The award was made in accordance with the 1927 statute.

Appellant contends that the award should have been made under said §40, and that the amount of the award in excess of $13.20 per week is void.

This contention is based upon the proposition that the act of 1927 is unconstitutional and void. No attempt has been made to present any question other than the validity of that act. If the act of 1927 is valid, the award is for the correct amount. If that act is not valid, the award should have been for $13.20 instead of $15.40.

Appellee has filed a motion to dismiss the appeal, for the reason that the only question presented for review relates to the validity of an act of the legislature, and that this court has no power or authority to pass upon that question.

The legislative policy of this state has been to give the Supreme Court exclusive jurisdiction over all appeals wherein the validity of a statute, state or federal, is involved. The statute creating this court expressly provided that, in all appeals to this court, the cause shall be transferred to the Supreme Court if the validity of a statute is involved. Acts 1891 p. 39. Numerous statutes have since that time been enacted defining and limiting the jurisdiction of this court. In all of such statutes, the legislature, in unmistakable terms, has expressly provided that when the validity of a statute is involved, the jurisdiction is in the Supreme Court.

Appellant contends that since all appeals from the

Industrial Board must, under the statute, be to this court, and inasmuch as the decision of this court in such appeals is final, this court of necessity has the right to decide questions relating to the validity of a statute if the affirmance or reversal of the award depends on a decision relating to the validity of a statute. The administration of the Workmen's Compensation Act was placed in the hands of an administrative body, only two members of which are required to be lawyers. Section 9495 Burns 1926, §50, Acts 1919 p. 158. It certainly was not the intention of the legislature that an administrative body like the Industrial Board should be called upon or required to pass upon the validity of a statute. The Industrial Board is a board of arbitration. In the administration of the compensation act, it should assume an act of the legislature to be valid until the same has been declared otherwise by the Supreme Court. It has no power or right to decide that a statute is or is not valid. · Nor can such a question be presented to such board in the first instance. Since such a question cannot be presented to the Industrial Board in the first instance, it cannot be presented to this court in an appeal from that board. See *Venable* v. *Fairmount Glass Works* (1924), 83 Ind. App. 77, 145 N. E. 581.

Appellant has mistaken its remedy. Its remedy is not by appeal. The appeal in the instant case has been taken in accordance with the statute. This court has jurisdiction of the subject-matter of the appeal and of the parties. The motion to dismiss is, therefore, overruled.

No question being properly presented for our determination, the award is affirmed.

Dausman, J., absent.