## EVANS ET AL. *v.* WATT.

[No. 13,562. Filed October 3, 1929.]

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark,* for appellants.

NICHOLS, J.—Proceedings upon application filed with the Industrial Board for adjustment of their claim for compensation as dependents of Elmer G. Evans, who died as the result of injuries received by him by reason of an accident arising out of and in the course of his employment by appellee.

The Industrial Board found that on May 3, 1928, while in the employ of appellee, one Elmer G. Evans, 16 years, nine months and 25 days old, suffered an injury as the result of an accident arising out of and in the course of his employment, of which appellee had knowledge; that said accidental injury resulted in the death of said Elmer G. Evans on the same day; that at the time of the accidental injury, appellee did not have on file an age certificate issued by the school authorities of the city of Hammond, Indiana, showing that the said Evans could be legally employed under the school laws of the state.

Thereupon, the Industrial Board, by its award, dismissed the application of appellants for want of jurisdiction. From this award, this appeal.

There is no question in controversy in this appeal except the question of jurisdiction, and appellants assert that the Industrial Board erred in dismissing said application for want of jurisdiction.

Appellee has failed to file a brief herein, as he should have done. Having so failed to assist us, in the event that we err in this decision because of such failure, appellee may not complain.

Acts 1923, ch. 76, p. 244 provides, so far as here involved, that the term "employee," as used therein, and as used in the act of which it is amendatory, shall be construed to include every person, including a minor 14 years of age and over in the service of another under any contract of hire, written or implied, except one whose employment is both casual and not in the usual course of the occupation or business of the employer, and that all such minor employees are made of full age for all purposes arising out of such act.

It is to be observed that this act is subsequent in time to the cases of *In re Stoner* (1920), 74 Ind. App. 324, 128 N. E. 938, and *In re Morton* (1922), 79 Ind. App. 5, 137 N. E. 62, answering questions certified to this court by the Industiral Board, and subsequent to *New Albany Box, etc., Co.* v. *Davidson* (1920), 189 Ind. 57, 125 N. E. 904, and *Indiana Manufacturers', etc., Assn.* v. *Dolby* (1921), 77 Ind. App. 116, 133 N. E. 171, adjudicating as to minors' rights under the statute, and apparently for the purpose of meeting conditions resulting from those decisions.

But this court, in *In re Industrial Board* (1923), 79 Ind. App. 669, 139 N. E. 387, answering a question certified to it by the Industrial Board, advised the board that the above-mentioned act of the Legislature of 1923

was invalid, being unconstitutional. While the award of the Industrial Board in this case does not give the reason for its holding that it had no jurisdiction, we assume that it is based on the advice given it in the *In re Industrial Board, supra.*

But, it must be kept in mind that the Industrial Board is an administrative body, and that it is not a court, and that it has no authority to determine or to pass on the constitutionality of a statute, nor has the Appellate Court authority so to adjudicate. The most that it can do is to advise, to give its opinion as to the constitutionality of an act, when required so to do by a certified question from the Industrial Board. *State, ex rel.,* v. *McMahan* (1924), 194 Ind. 151, 142 N. E. 213. See, also, *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Venable* v. *Fairmount Glass Works* (1924), 83 Ind. App. 77, 145 N. E. 581.

If appellee had desired to test the validity of the statute, he, without doubt, could have done so in an action to enjoin the board from acting on appellants' application, and, in the event of a decision adverse to him, he could have appealed to the Supreme Court. *Venable* v. *Fairmount Glass Works, supra.*

Until there is a decision adjudicating that the act involved is unconstitutional, the Industrial Board must assume that it is constitutional. So assuming, this court holds that the Industrial Board had jurisdiction of this proceeding, and that it erred in dismissing appellants' application. Therefore, without here expressing an opinion as the constitutionality of the act in question, the order of the Industrial Board is reversed, with instruction to the Industrial Board to reinstate the application and for further proceedings.