PEABODY COAL COMPANY *v.* LAMBERMONT ET AL.

[No. 27,801. Filed November 23, 1942.]

*Hays & Hays,* of Sullivan, for appellant.

*George N. Beamer,* Attorney General, *Fred R. Bechdolt* and *Charles W. Grubb,* Deputy Attorneys General, and *McDonald & McDonald,* of Princeton, for appellees.

SHAKE, J.—This case comes to us by way of petition to transfer from the Appellate Court of Indiana. Since the opinion of the Appellate Court contains a succinct résumé of the facts and a clear statement of the reasons that prompted the decision, we quote it in full:

"This is a proceeding in which appellees filed claims for unemployment compensation benefits. The employer, appellant herein, objected and the matter was referred to a referee and finally to the Review Board of the State Unemployment Compensation Board. On February 13, 1942, that board made and published its decision in favor of appellees. No steps were taken to appeal the deci sion and no appeal was taken. On April 8, 1942, appellant petitioned the board to review its decision of February 13, 1942, and on April 15, 1942, the board denied the petition to review. From that decision appellant seeks to appeal.

"The Review Board has filed its motion to dismiss the appeal.

"The statute (§ 52-1508, Burns' 1933 Supplement) provides that any decision of the Review Board shall be final unless an appeal be taken as therein provided. There is no provision for filing

a petition for review. An appeal from the decision of the board denying such a petition is in effect an appeal from the original decision and is not authorized when the time for appeal of the original decision has expired.

"Appeal dismissed." (42 N. E. [2d] 1023.)

Under the procedure recognized in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, the appellant's petition to transfer will be considered as an application for a common-law writ of error.

The sole question before us is whether the Appellate Court was warranted in dismissing the case or ought to have decided it on the merits. This is primarily a matter of jurisdiction, depending upon whether the order entered by the Review Board of the State Unemployment Compensation Board on April 15, 1942, was subject to review in the Appellate Court.

By § 8 of the Employment Security Act of 1941 (§ 52-1508, Burns' 1933 [Supp.], § 10168-27, Baldwin's Supp. 1941), a decision of the review board becomes final 15 days after it is mailed to the interested parties unless an aggrieved party gives notice of an appeal to the Appellate Court within such 15-day period and perfects his appeal within 30 days thereafter. The original order awarding unemployment compensation benefits to the appellees was entered and notices mailed on February 13, 1942. There was no attempt to appeal from that order.

Clause (f) of said § 8 is as follows:

"Jurisdiction over benefits shall be continuous. Upon its own initiative, or upon application of any party in interest, upon good cause shown, the review board may, at any time within one year after the decision of the interviewer review an award of benefits or the denial of a claim therefor, *in accordance with the procedure prescribed in respect*

*to claims,* and in accordance with such review, issue a new decision which may award, terminate, continue, increase or decrease such benefits. *Such new order shall* not affect any benefits paid before the date thereof under authority of the prior order and shall *be subject to review as provided* in this section." (Our italics.)

The opinion of the Appellate Court is, therefore, in error when it states that, "There is no provision for filing a petition for review" of an original decision of the board of review. It affirmatively appears from the opinion that: "On April 8, 1942, appellant petitioned the board to review its decision of February 13, 1942, and on April 15, 1942, the board denied the petition to review. From that decision appellant seeks to appeal." It follows that the appellant's petition for a review was filed within the year, and the appeal was presumably perfected within 30 days after notice that the board had denied the petition.

The board of review is given a wide latitude in reviewing its prior decisions. In accordance with the procedure prescribed with respect to original claims, it may hear testimony which need not conform to common-law or statutory rules of evidence or other technical rules of procedure; and it may issue a new decision which may award, terminate, continue, increase, or decrease benefits. A construction of the statute which would forbid a judicial review of a decision so reached would render the act of doubtful constitutionality. It is our duty to avoid such a result if we can; and, fortunately, this can be accomplished by applying the statute in accordance with *its express terms.*

There is no analogy between this proceeding and our statutory action for the review of judgments. § 2-2605,

530

Burns' 1933, § 429, Baldwin's 1934. A proceeding in review for error of law is in the nature of an appeal and is to be tried by the record alone, the court which originally tried the case sitting as an appellate tribunal. The only errors which can be considered are such as might have been presented had the original case been appealed. *Eilts* v. *Henderlong Lumber Co.* (1941), 109 Ind. App. 559, 33 N. E. (2d) 373. On the other hand, it is the function of a court called upon to review an order of an administrative agency to determine if there has been due process, which includes an inquiry into the jurisdiction of the agency, whether there was reasonable notice and an opportunity for a fair hearing, and whether the finding was supported by evidence. *Warren* v. *Indiana Telephone Co., supra.*

The Appellate Court has exclusive original jurisdiction of a case of this character and it was error to dismiss the appeal. We express no opinion as to the merits of the controversy. *Burroughs Adding Machine Co.* v. *Dehn* (1942), 219 Ind. 350, 38 N. E. (2d) 569.

The judgment of the Appellate Court of Indiana dismissing the appeal is reversed and the cause is remanded to that tribunal for further proceedings.

NOTE.—Reported in 44 N. E. (2d) 827.