## In re TRAINA.

### (District Court, E. D. New York. February 27, 1918.)

1. HABEAS CORPUS ⬳16—SELECTIVE DRAFT ACT—AUTHORITY OF COURT.

Whether persons certified into the National Army under Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, meet the physical and medical requirements, is solely a question for the exemption boards provided for, and not the courts.

2. HABEAS CORPUS ⬳16—ARMY—DISCHARGE—AUTHORITY OF COURTS.

While Rev. St. § 1116 (Comp. St. 1916, § 1884), requires recruits to be effective and able-bodied, yet, as section 1342, as amended by Act Aug. 29, 1916, c. 418, § 3, 39 Stat. 668, Articles of War, § 108 (Comp. St. 1916, § 2308a), declares that no enlisted man, lawfully inducted into the military service of the United States, shall be discharged from such service without a certificate of discharge signed by a field officer of the regiment or other organization to which the enlisted man belongs, or by the commanding officer when no such field officer is present, the courts have no authority, relator having been certified into the military service of the United States under the Selective Draft Act, to discharge him on the ground that he was afflicted with a disease making necessary his discharge, for the question whether he was entitled to a discharge is one for the military officials.

Habeas Corpus. In the matter of the application of Salvatore Traina for writ of habeas corpus directed to the commanding officer at Camp Upton, N. Y. Application dismissed.

Achille J. Oishei-Hoschek, of New York City, for relator.

CHATFIELD, District Judge. [1] The relator has applied for a writ of habeas corpus, directed to the commanding officer at Camp Upton, who, it is said, holds him without authority, in that the relator claims to be afflicted with a disease which he alleges makes necessary his discharge from further army service. He bases the application for habeas corpus, in the first place upon the provisions of the Selective Service Act and the rules promulgated thereunder, which direct rejection and discharge from military service of men with diseases and organic troubles which the relator claims are less severe than those from which he suffers.

It must be held that this court has no jurisdiction either to consider the physical or medical standards by which persons otherwise eligible are to be judged either for admission to or discharge from the National Army. Such matters are clearly within the jurisdiction of the local and district boards or the army authorities themselves.

[2] But the relator also claims that the general provisions of section

1116, R. S. (Comp. St. 1916, § 1884), requiring recruits to be "effective and able-bodied," make it illegal to retain a man suffering from such physical disability in the military forces of the United States, and that this court has power, on a writ of habeas corpus, to enforce the discharge of any one so afflicted.

No authority has been cited from which it could be inferred that the court has such general power over the military forces of the United States. Any determination that a person should no longer be retained in the army must be sought at the hands of the army itself, even if it be evident that refusal to discharge would be illegal. Section 1342, R. S., as amended by Act Aug. 29, 1916, being the Articles of War (see section 108).

But, more than this, if the decision by the military authorities is adverse to the applicant, the court has no jurisdiction, if that decision is within the jurisdiction of the military authorities to determine. It has always been held, and is believed to be the law, that all such jurisdiction is vested in the military authorities, and that they have complete control and discipline over a man until they see fit to discharge him, if he has been lawfully brought into the service, and if the military authorities have not gone outside of the jurisdiction given them by statute, in administering the affairs of their own commands.

The application must be denied.