DE GENARO v. JOHNSON, Brigadier General, Commander of 77th Division, U. S. A., at Camp Upton, N. Y.

(District Court, E. D. New York. February 27, 1918.)

HABEAS CORPUS  16—SELECTIVE DRAFT—CERTIFICATION INTO MILITARY SERVICE.

  Where a registrant under the Selective Service Law (Act May 18, 1917, c. 15, 40 Stat. 76) is certified into the military service, the decisions of the examining boards as to his physical condition cannot be reviewed on habeas corpus; hence one so certified cannot, where he refused to undergo an operation as directed by the military authorities for the cure of a pre-existing trouble, obtain his discharge under habeas corpus on the ground that he could not be compelled to submit to the operation, even if without operation such person might be entitled to be discharged from service.

Habeas Corpus. In the matter of the application of Aniello De Genaro for a writ of habeas corpus against Evan M. Johnson, Brigadier General, Commander of the 77th Division, U. S. A., at Camp Upton, N. Y. Writ dismissed, and relator remanded.

Achille J. Oishei-Hoschek, of New York City, for relator.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for defendant.

CHATFIELD, District Judge. The relator is in the National Army at Camp Upton. He claims to be suffering from hernia, and raises the contention that both the local board and the examining officers of the army at Camp Upton were aware of this physical disability, even though the examination by the medical examiners of the local board, and the further examination at Camp Upton, did not result in his rejection for physical disability.

In general, the case is like that of Traina, recently decided ([D. C.] 248 Fed. 1004), in which it was held that the Selective Service Law and sections 1116 and 1342 of the Revised Statutes (Comp. St. 1916, §§ 1116, 2308a), make the decision of the examining board final so far as an application to the court by way of habeas corpus is concerned.

 For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

But the relator raises a further point, as to which no decision seems to have been rendered. He alleges that the physical examination at Camp Upton resulted in his being ordered to undergo an operation to relieve him from the hernia complained of. He has refused and still refuses to submit to this operation, and in consequence of this refusal applies to this court for release through a writ of habeas corpus, alleging that the army has no authority to hold him, inasmuch as they cannot compel him to submit to the operation, and as he is therefore within the class of persons who are entitled, upon physical examination, to be discharged from further military service.

It is evident that the unwillingness of the relator to submit to an operation could be used by a person so disposed as an excuse for further escaping military service, even though he might be willing and anxious to have the operation performed under ordinary circumstances. In any such case, the court should not act directly in contravention of the provisions of the Selective Draft Law, by which the findings of the boards and their examiners are final on such questions. The ordinary provisions of the military law then apply, and must be construed in connection with the laws under which the National Army has been created; but if a person were admittedly found to be physically disabled, by an examining board of the army, and if the army authorities should refuse to discharge him, for purely arbitrary or disciplinary reasons, the courts have no authority to take testimony, examine into the man's physical condition, upon a hearing, and discharge him as held without authority of law, even if the facts appear as he alleges.

The writ must be dismissed, and the relator remanded.