FINANCIAL AID CORPORATION *v.* WALLACE, DIRECTOR OF
THE DEPARTMENT OF FINANCIAL INSTITUTIONS, ET AL.

[No. 27,205.   November 14, 1939.]

*Asa J. Smith,* for appellant.

*Omer S. Jackson,* Attorney General, *Thomas Long-fellow,* Deputy Attorney General, and *Leo M. Gardner, C. Severein Buschmann, William H. Thompson,* and *Patrick J. Smith,* for appellees.

TREMAIN, J.—This action was filed in the court below by the appellant, an Indiana corporation, against the appellees, the Department of Financial Institutions and all state officials connected therewith.

The complaint alleges that Chapter 154 of the Acts of the General Assembly of 1933, p. 806, amending Chapter 125 of the Acts of 1917, p. 401, Secs. 18-3001 to 18-3005, Burns' Ind. St. 1933, violates certain sections of the state and Federal Constitutions, and prays for a judgment under the Uniform Declaratory Judgment Act declaring said Chapter 154 unconstitutional and void.

The appellant was organized for the purpose of engaging in the small loan business and sought to avoid the provisions of the 1933 act reducing interest rates and placing the small loan business under the control of the Department of Financial Institutions. The appellees answered the complaint by a general denial. On the issue joined and upon written request the court found the facts specially and stated its conclusions of law thereon in favor of appellees. Judgment was

rendered accordingly, to which appellant excepted and prayed an appeal.

The 1933 act amends the 1917 act by placing the regulation of the small loan business under the control and supervision of the Department of Financial Institutions instead of the Auditor of State. License fee and bond are required as in the old act. The new act provides that license may issue "if the department shall find that the financial standing and character of the applicant, and of the members thereof if the applicant be a copartnership, and of the officers and directors thereof if the applicant be a corporation, are such that the business will be operated honestly and fairly, within the purposes of this act * * *." It provides that the department may not issue a license to one who does not meet the requirements as to financial standing and character. It provides that:

"The department shall give every applicant a reasonable opportunity to be heard and shall approve, or deny, by written order, every application for license hereunder within thirty (30) days from the hearing thereof."

Section 1 further provides that:

"The department is hereby authorized and empowered to make by its order such general rules and regulations and specific rulings and findings not inconsistent with the provisions of this act as may be necessary for the proper conduct of such business and the enforcement of this act."

In the event the department should decide to revoke the license ten days' notice must be given to the licensee who shall be given an opportunity to be heard. Authority is given to the department to investigate the loans and business, and to examine the books, accounts, records, and files of each licensee, who is required to keep books, accounts, and records of all business trans-

actions to enable the department to make such examination. Reports are required to be filed with the department at stated times.

The act authorizes the department to make full and complete investigation of the conditions relating to the small loan business and

"(a) To classify such small loans by general order according to such system of differentiation as may reasonably distinguish such classes of loans for the purposes of regulation under the provisions of this act; and

(b) To determine and fix by general order such maximum rate of interest or charges upon each such class of small loans as will make available adequate credit facilities to individuals, without the security generally required by commercial banks, by inducing efficiently operated commercial capital to enter such business in sufficient amounts to provide such adequate credit facilities; the department may from time to time upon the basis of changed conditions or facts re-determine and refix any maximum rate of interest or charge previously fixed by it * * *."

It is provided that such changed rates shall not affect pre-existing loan contracts lawfully made. The act provides that until the department shall fix a different rate of interest the maximum rate of interest shall be 3½ per cent. per month on unpaid principal balance of a loan not exceeding $150, and 2½ per cent. per month on any remainder of the unpaid principal of a loan in excess of $150, and not exceeding $300. It provides and specifies the details as to notice, time, duties, privileges, and requirements of the licensee and the department.

Of the many objections to the act of 1933 the appellant most seriously objects to the provisions authorizing the Department of Financial Institutions to issue

general orders and to make regulations relating to the small loan business. The objections go to the question relating to the discretionary features of the act granted to the department.

The trial court concluded that the appellant was not entitled to a declaration that the amendatory act of 1933 is invalid. Appellant asserts that the act violates Sec. 1, Article 3, of the Constitution of Indiana. This section provides:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial * * *."

The appellant contends that the act confers upon executive officials both legislative and judicial authority —judicial in that the department may hold hearings and upon investigation issue orders regulating the loan business, and legislative in that the department may promulgate rules and regulations which have the force and effect of law. Authorities are cited holding that unwarranted delegation of power and authority will not be tolerated for the reason that such delegation violates this constitutional provision. That proposition is conceded by all concerned, but the answer to the proposition is that when the Legislature defines its policy and prescribes a standard as it has in the act in question, it may leave to executive boards and officers the determination of facts in order to apply the law, and in connection therewith the right of such administrative boards to make reasonable rules and regulations has been recognized by innumerable decisions of this court. *Wallace* v. *Feehan* (1934), 206 Ind. 522, 532, 190 N. E. 438; *Dunn, Auditor et al.* v. *City of Indianapolis* (1935), 208 Ind. 630, 638, 196 N. E. 528 and 698, 5 N. E. (2d) 629; *Blue* v. *Beach* (1900),

155 Ind. 121, 133, 56 N. E. 89; *N. Y. Central Railroad Co.* v. *Pub. Service Com.* (1937), 212 Ind. 329, 7 N. E. (2d) 957; *Carroll Perfumers, Inc.* v. *State* (1937), 212 Ind. 455, 7 N. E. (2d) 970; *Stith Petroleum Co.* v. *Dept. of Audit and Control* (1937), 211 Ind. 400, 5 N. E. (2d) 517.

As pointed out in *Blue* v. *Beach, supra,* the Legislature cannot delegate the power to make a law, but it can make a law to delegate a power to determine facts upon which the law makes its own action depend. It has long been recognized in this state that certain industries are subject to a reasonable control by the state; that such control is necessary to the protection of inhabitants and to regulate the activities and conduct of other inhabitants. One of the more recent decisions of this court upon that subject is *Albert* v. *Milk Control Board of Indiana* (1936), 210 Ind. 283, 290, 200 N. E. 688.

The 1933 act in fixing the rate of interest to be charged on small loans declares the policy of the state to be that the rate of interest must be such as will induce legitimate capital to enter that field and make loans upon security not recognized by banking institutions, and to enable persons in need of funds to borrow the money from the small loan company to meet their obligations, and in cases where the money could not be had from other financial institutions. *Cotton* v. *Commonwealth Loan Co.* (1934), 206 Ind. 626, 634, 190 N. E. 853.

Because the act confers upon the Department of Financial Institutions the authority to hold hearings, make investigations, promulgate rules and regulations, none of which were specified in the 1917 act, the appellant asserts the 1933 act to be invalid and void for the reason that the act does not

furnish a guidepost for the control of the department's actions in exercising the power granted. It appears that the act has prescribed standards sufficiently definite, and has carefully defined the activities of the Department of Financial Institutions. Since the law prescribes the policies, fixes a rate of interest to be charged until otherwise fixed by the department after a full and careful investigation, and delegates to the department the authority to find the facts applicable to each case before granting a license, and this to be done only after a full and complete hearing and upon a consideration of an inducement of capital into that field, it is difficult to understand where the law transgresses the constitutional provisions as claimed by the appellant. The standard is as definite and certain as the Legislature could fix by a general statute. An administrative officer charged with the administration of the laws enacted by the General Assembly necessarily exercises a discretion partaking of the characteristics of the judicial department of the government, but does not have the force and effect of a judgment. Unless an administrative officer or department is permitted to make reasonable rules and regulations, it would be impossible in many instances to apply and enforce the legislative enactments, and the good to be accomplished would be entirely lost. *Wallace* v. *Feehan, supra; In re Northwestern Indiana Telephone Co.* (1930), 201 Ind. 667, 679, 171 N. E. 65; *Dunn, Auditor et al.* v. *City of Indianapolis, supra; Blue* v. *Beach, supra; Indianapolis Water Co.* v. *Moynahan Prop. Co.* (1936), 209 Ind. 453, 198 N. E. 312; *United States* v. *Rock Royal Co-Op.* (1939), 308 U. S. 631, 83 L. Ed. 981, 1004.

The appellant further objects because no provision is made in the law for an appeal to the court for a

judicial determination of the questions involved. This court has long recognized and held that an appeal will not lie to the court from orders issued by an administrative board, but only from judicial decisions made by courts. *Ferner* v. *State* (1898), 151 Ind. 247, 251, 51 N. E. 360, and many subsequent decisions. Whether an act expressly provides for an appeal is of no consequence. If an administrative officer undertakes to perform any unauthorized act, an action will lie in court enjoining, prohibiting, or mandating him in the performance of administrative acts. In the case at bar the act does not provide for an appeal from the order made by the Department of Financial Institutions, nevertheless, the appellant is now present in court questioning acts of the department and the authority granted by the Legislature.

The Supreme Court of the United States has held that the right to appeal is not essential to due process of law. *Reetz* v. *Michigan* (1903), 188 U. S. 505, 47 L. Ed. 563, 566. That court, in accordance with the rule of this court, has held in cases where an act undertakes to regulate a business impressed with a public use, state administrative officers may make orders and regulations which substantially affect private property rights of the business regulated. *Title Guaranty Co.* v. *Allen* (1916), 240 U. S. 136, 60 L. Ed. 566, 567.

No decision has been called to the attention of the court wherein it has been held that the failure of the Legislature to grant a right of review by the court of administrative acts is essential to the constitutionality of a law affecting an administrative body. The right of an administrative board to function does not depend upon provisions granting or failing to grant an appeal to the courts.

No basis exists for the assertion that the act is violative of Sec. 12, Article 1, of the state Constitution, or of Sec. 25 of the same article. Section 12 is ■ the due process clause of the Indiana Constitution, and Section 25 provides that no law shall be passed, the taking effect of which shall be made to depend upon any authority, except as provided by the Constitution. Appellant further says that the act violates Sec. 26, Article 1, which provides that the operation of the law shall never be suspended except by the authority of the General Assembly. It is the appellant's position that the authority of an administrative board to promulgate rules and regulations amounts to a suspension of the law. It is readily noted that the taking effect of the 1933 act did not depend in any manner upon any authority other than the Legislature itself. None of the powers and authorities granted to the department can affect that question or suspend the operation of the law. *Isenhour* v. *State* (1901), 157 Ind. 517, 521, 62 N. E. 40.

In the enactment of a regulatory law the Legislature has in mind the evils to be prevented or corrected and the purpose to establish safeguards for the pro- ■ tection of citizens. Doubtless the knowledge of the history of Shylock operations in this state convinced the Legislature of the necessity of the provisions of the 1933 act. It cannot be doubted that some persons took an undue and illegal advantage of those in need of funds.

The law does not grant to one class of citizens privileges and immunities which upon the same terms do not equally belong to all, and does not violate Sec. 23, Article 1. *State* v. *Richcreek* (1906), 167 Ind. 217, 221, 224, 77 N. E. 1085.

It has been noted above that the act does not illegally delegate legislative authority to the department, and for that reason it is not violative of Sec. 1, Article 4, of the Constitution.

The court can find nothing in the act which would label it as a special or local law in violation of Subsection 15, Sec. 22, Article 4, of the Constitution. The law is general and applies to all alike. *McLaughlin et al.* v. *The Citizens Building, Loan and Savings Assn.* (1878), 62 Ind. 264, 274

The act in question requires individuals and concerns entering into the small loan business to keep certain records of all business transactions and provides for inspection and examination by the department. In other words, the small loan business comes under the regulation of the banking department and is subject to visitation and examination the same as banking institutions. The appellant claims that this provision amounts to an illegal search and seizure of the appellant's property. Regulatory provisions of this nature have been recognized so long that it would be folly to undertake to strike them down at this time. There is nothing in the act to violate Sec. 11, Article 1, of the Indiana Constitution. *Shuman* v. *The City of Fort Wayne* (1891), 127 Ind. 109, 26 N. E. 560; *Albert* v. *Milk Control Board of Indiana, supra.*

It cannot be successfully contended that the act deprives the appellant of its property without due process of law in violation of the Fourteenth Amendment of the Federal Constitution. The court can find no basis to justify the appellant's contention upon that subject.

In order to secure and promote the purpose of the legislation, the state created the Department of Finan-

cial Institutions as an instrumentality or agency for that purpose, and vested it with the power to adopt reasonable rules and regulations necessary to attain the object and purpose of the law. The duties of the department are administrative only. The powers conferred have always received a liberal construction by the courts, and the right of the Legislature to grant the authority to promulgate reasonable rules is generally recognized. *Blue* v. *Beach, supra.*

After a careful consideration of the act and of the appellant's objections, the court is convinced that the act is valid and is not violative of any section of either the state or Federal Constitutions.

Judgment affirmed.