**KAUBLE v. HAYNES, Director of Civilian Public Service Camp.**

Civil Action No. 5375.

District Court, N. D. California, N. D.

Feb. 4, 1946.

Plaintiff, in pro. per.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for defendant.

WELSH, District Judge.

Petitioner while under the jurisdiction of Selective Service Board No. 1, of Wyandot County, Upper Sandusky, Ohio, was classified as a conscientious objector. As such, he is now in a Civilian Public Service Camp at Minersville, California.

He alleges in his petition for habeas corpus that he is in ill health and should be released. He claims to be suffering from excessive nervousness and depression, and refers to reports of certain doctors who examined him at other Civilian Public Service Camps wherein his discharge was recommended.

It appears to the Court that the questions raised by petitioner are medical, scientific and administrative, rather than judicial. The judiciary is simply called upon in cases such as this to ascertain whether the petitioner is restrained of his liberty by due process of law. The only question open to inquiry and presented for determination is whether petitioner herein is illegally detained or held in custody, and such inquiry is limited to matters of jurisdiction or power to act.

Congress has rightfully defined its policy and left to executive boards and officers the determination of facts in order to apply the law. Financial Aid Corporation v. Wallace, 216 Ind. 114, 23 N.E.2d 472, 475, 125 A.L.R. 736.

It would be an unwarranted encroachment upon the executive power to interfere by going into questions with reference to petitioner's physical condition or other questions of fact raised in his petition. Administrative powers, with which courts should not interfere, involve carrying of laws into effect—their practical application to current affairs by way of management and oversight, including investigation, regulation and control in accordance with and in execution of the principles prescribed by the law-makers. Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 230 U.S. 247, 33 S.Ct. 916, 57 L. Ed. 1472.

 A question of wisdom or expediency of an administrative act is not to be decided by a court. Western Paper Makers' Chemical Co. v. United States, 271 U.S. 268, 271, 46 S.Ct. 500, 70 L.Ed. 941, 943. A court will check only an action which is arbitrary (Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S. Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853), or which constitutes an abuse of discretion. The presumption is in favor of the reasonableness and propriety of the action of an administrative officer. Christian v. Jones, 211 Ala. 161, 100 So. 99, 100, 32 A. L.R. 1340.

Petitioner has not set forth sufficient facts, which if proven, would show any action which is arbitrary, would constitute an abuse of discretion, or would overcome the presumption of reasonableness and propriety.

It is set forth in the petition: "However, the Director of Selective Service and others in charge utterly disregarded the recommendations of their Medical Advisory Board and have illegally refused to discharge me." It has been held that courts may not pass on the merits of conscription cases. When classifications by Selective Service Boards have been questioned by habeas corpus proceedings, it has been said that the object of the writ is "merely to determine whether there was a hearing and not whether a proper determination was arrived at." Ex parte Stewart, D.C.Cal., 47 F.Supp. 410, 412.

 Courts are not to consider the sufficiency of the evidence. The decision of an examining board or officer as to the conscript's physical eligibility is not subject to judicial review. The reason given is— "an incorrect decision would be an erroneous exercise of a subsisting authority —not a mere usurpation. The officer is perfectly within the limit of his authority, when he investigates and decides; and, though he may err, he is not an usurper." Ex parte Hill, 38 Ala. 429.

 Petitioner recites that he has been examined by numerous medical boards and psychiatrists appointed by the Director of Selective Service. This shows that he was accorded the equivalent of hearings and due process.

In Re Traina, D.C., 248 F. 1004, these sentences were used: "It must be held that this court has no jurisdiction either to consider the physical or medical standards by which persons otherwise eligible are to be judged either for admission to or discharge from the National Army. Such matters are clearly within the jurisdiction of the local and district boards or the army authorities themselves." The same reasoning applies to the instant case of petitioner who is under the jurisdiction of the authorities who have seen fit to assign him to a Civilian Public Service Camp.

The order to show cause is accordingly dismissed, and the petition for writ of habeas corpus denied.