KRANZ v. UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY.

Civ. No. 3129.

District Court, M. D. Pennsylvania.

Feb. 4, 1948.

Carl Kranz, pro se.

No appearance for respondent, no rule having issued.

FOLLMER, District Judge.

The petitioner, Carl Kranz, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, previously filed an application for writ of habeas corpus, which was

denied.[1] He now seeks in forma pauperis to institute a proceeding designated "Petition for a Writ of Mandamus,"[2] in which he alleges that the respondent (the trial court) failed to furnish him with a copy of the minutes of his trial. Attached to the petition is a copy of the communication of the clerk of the trial court showing that he was furnished with a certified copy of the judgment and commitment, together with a duplicate printed copy of the indictment. This letter informs him "At the time of your trial, it was not the practice for the courtroom deputy to make minutes of the proceeding." He now asks that the trial court be directed to furnish him with a copy of such minutes and on failure so to do to direct that at no time in the future shall such records "be used to oppose your petitioner in any future proceeding for relief by habeas corpus or other proceeding * *."

The necessity for any particular record could not be ascertained until a proceeding is properly before the court; even assuming that on an application in forma pauperis the proper official of another court might be directed to furnish the same.[3] However, the petitioner here in an independent proceeding seeks to have this Court order the production by a court of equal jurisdiction of a nonexistent record or in the alternative to bar its use in any proceeding. It is not necessary to consider this question since the fact that this Court possesses no original mandamus jurisdiction is sufficient for the disposition of the same.[4]

Petitioner's application to proceed in forma pauperis is allowed. His petition for writ of mandamus is denied for the reason that this Court is without jurisdiction to entertain the same.

[1] Kranz v. Hiatt, D.C.M.D.Pa., 70 F. Supp. 869, affirmed, 3 Cir., 163 F.2d 1018.

[2] The propriety of such a writ under Federal Rules of Civil Procedure, rule 81(b), 28 U.S.C.A. following section 723c, is discussed in opinion this day filed by this Court in Re Joseph Feyerchak v. W. H. Hiatt, Warden, D.C., 7 F.R.D. 726.

[3] The Committee on Habeas Corpus in Section 7 of a draft of a procedural statute (designated "Statute B") has proposed that where permission has been granted to prosecute an application for writ of habeas corpus in forma pauperis, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." This, however, would not cover a situation such as that now before us.

[4] See discussion in re Joseph Feyerchak v. W. H. Hiatt, Warden, D.C., 7 F.R.D. 726, filed in this Court this day.