**FEYERCHAK v. HIATT.**

Civ. No. 3130.

Habeas Corpus No. 212.

District Court, M. D. Pennsylvania.

Feb. 4, 1948.

Joseph Feyerchak, pro se.

No appearance for respondent, no rule having issued.

FOLLMER, District Judge.

The petitioner, a prisoner at the United States Penitentiary, Lewisburg, Pennsyl-vania, asks leave to file in forma pauperis two proceedings which may be considered together. One document is captioned "Petition for Writ of Mandamus," the other "Petition for Writ of Habeas Corpus."

■ The petition for writ of mandamus [1] alleges that "petitioner has consulted the official medical personnel of the institution hospital of the Lewisburg Penitentiary where he is confined, and has received no positive results through their diagnoses concerning a continuous pain that prevails in a region of his body, from a physical standpoint," and that "The diagnoses have supposedly shown a mental condition in your petitioner, which it is claimed causes him to imagine that HE (sic) has the said pain in a region of his body."

Petitioner apparently does not concur in the opinion arrived at by the psychologist and psychiatrist and medical officers of the Penitentiary that his pain is imaginary, and requests that the Warden be required to furnish what he terms "proper medical care and treatment" or a transfer to the Medical Center at Springfield, Missouri.

The Attorney General is charged with the control and management of penal institutions and in connection therewith is authorized "to classify the inmates; and to provide for their proper treatment, care, rehabilitation, and reformation," [2] and is also by statute authorized to designate the place of confinement and to order the transfer of any prisoner from one institution to another.[3]

■ Under the control of the Attorney General as to such care of prisoners, the United States Public Health Service furnishes medical, dental, and psychiatric service for the United States Penitentiary, Lewisburg, Pennsylvania, and the "Medical Activities and Personnel" statistics show it to be staffed equal to if not better than any of the other institutions.[4] Even were

---

[1] Under Rule 81(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Writ of Mandamus is abolished, but the same principles will still apply in determining whether or not to grant the relief; the change is simply one of procedure (Vol. 2 Fed. Rules Serv.Comm. P. 677) and the substantive rights of the parties are un-affected. We will therefore, for purpose of this opinion, disregard the failure to comply with the Rules.

[2] 18 U.S.C.A. § 753e.

[3] 18 U.S.C.A. § 753f.

[4] See the Report of the Work of the Federal Bureau of Prisons entitled "Federal Prisons 1945," Page 21, and Table 36, Page 79.

the situation otherwise, the power of transfer and the changing of United States Public Health Service personnel is not lodged in the Respondent. A superior officer who is not in this action is an indispensable party.[5]

■ The petitioner in any event would not be entitled to a hearing on this petition. This petition is not in aid of any jurisdiction already acquired by this Court but is an independent action for relief in the nature of mandamus. It is well settled that a District Court other than in the District of Columbia has no original jurisdiction to issue a writ of mandamus or its present equivalent.[6]

■ The problem presented by petitioner is moreover one which involves administrative discretion and even were such discretion lodged fully in the respondent it would involve a matter which as an independent and abstract question is not within the jurisdiction of this Court.[7]

■■ The petition for writ of habeas corpus which accompanied petition for writ of mandamus merely seeks the production of the prisoner for a hearing on the petition for writ of mandamus. The action here taken on the first writ disposes of this petition. Even were it otherwise, the relief sought in the mandamus petition could not be obtained by the applicant in a habeas corpus proceeding and does not involve, and could not and would not compel petitioner's immediate release.[8]

Petitioner's application to proceed as a poor person is allowed as to both petitions. His petition for writ of mandamus and petition for writ of habeas corpus are both denied for the reason that this Court is without jurisdiction to entertain them.

---

[5] Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. ——.

[6] Hogan v. Hill, D.C.M.D. Pa., 9 F. Supp. 975, affirmed 3 Cir., 78 F.2d 1017; Reilly v. Hiatt, D.C.M.D. Pa., 63 F.Supp. 477 (with cases there cited); Vol. 2 Fed. Rules Service, Comm. under Rule 81(b), captioned "Method of Obtaining relief formerly Available by Mandamus," Page 676.

[7] Rothstein v. Hiatt, D.C., 70 F.Supp. 867.

[8] Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; Kauble v. Haynes, D. C. N.D.Cal., 64 F.Supp. 153.