434 N.E.2d 958 (1982)
COUNTY DEPARTMENT OF PUBLIC WELFARE OF VANDERBURGH COUNTY, Dale Work, in His Official Capacity As Director of the County Department of Public Welfare of Vanderburgh County, Bruce Heathcotte, Janet Wyatt, Wanda Lyles, Corinne Twedall and Dorathea MacGregor, All in Their Official Capacities As Members of the Board of the County Department of Public Welfare of Vanderburgh County, Appellant (Defendant below),
v.
Dorothy BAKER, Appellee (Plaintiff below).
No. 1-1081A306.
Court of Appeals of Indiana, First District.
May 12, 1982.
Rehearing Denied June 23, 1982.
Dennis Brinkmeyer, Evansville, for appellant.
Stephen E. Culley, Legal Services Organization, Evansville, for appellee.
ROBERTSON, Judge.
The defendant-appellant Vanderburgh County Department of Public Welfare (DPW) appeals from a judgment granting the plaintiff-appellee Baker's request for payment of her hospital, medical and doctor bills. We affirm.
Baker applied for assistance under the Hospital Commitment Act, Ind. Code 12-5-1-1 et seq., which was subsequently denied. She appealed the decision and received a trial de novo in the Vanderburgh Circuit Court pursuant to Ind. Code 12-5-1-2, where she obtained a judgment in her favor. The two operative facts pertinent to this appeal which were unchallenged at trial are that Baker could not pay for her cancer operation and that the DPW's financial guidelines prevented the granting of assistance to her. Baker received $320 per month in Social Security payments for her two daughters as a result of her husband being deceased. Although minimum income eligibility standards established by the DPW were $325 per month, she was not eligible for Aid to Dependent Children or Medicaid and therefore, not eligible for medical assistance because the DPW's guidelines also required that applicants be eligible for a public assistance program before they could be eligible for hospital commitment funds. Had there been a father in the family, or one of several other variations in the family composition, Baker would have been eligible for assistance.
The sole issue is whether the trial court abused its discretion. The argument *959 presented urges that the DPW's guidelines are not arbitrary or inequitable. We believe a more fundamental reason exists in support of the trial court's decision.
IC 12-5-1-1 states in pertinent part that the DPW shall investigate the financial resources of the applicant and if that applicant is financially unable to defray the necessary expense of the medical, surgical and hospital care, then the DPW shall make the commitment. (Emphasis added.)
Although the DPW's guidelines may be well intentioned and administratively expedient, they cannot be used to avoid a clear and concise statutory command of the General Assembly.
It has been held that where administrative bodies have been created by the Legislature, the rules they make must be reasonable and reasonably adapted to carry out the purpose or object for which these administrative boards were created. Financial Aid Corporation v. Wallace, 1939, 216 Ind. 114, 23 N.E.2d 472, 125 A.L.R. 736; Indiana Employment Security Division etc. v. Ponder, 1951, 121 Ind. App. 51, 92 N.E.2d 224; Hill v. Review Board, etc., et al., 1953, 124 Ind. App. 83, 112 N.E.2d 218. If they are in conflict with the state's organic law, or antagonistic to the general law of the state or "opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards," they are invalid. Blue v. Beach, 1900, 155 Ind. 121, 131, 56 N.E. 89, 93, 50 L.R.A. 64.
Mobley v. City of Evansville, (1960) 130 Ind. App. 575, 167 N.E.2d 473, 475.
The DPW guideline in this appeal contravenes IC 12-5-1-1 and as a result is invalid.
Judgment affirmed.
RATLIFF, P.J., and NEAL, J., concur.