438 N.E.2d 1012 (1982)
Carlton C. POTTS and Donald J. Tendam, Jr., Claimants-Appellants,
v.
REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, As Members of and As Constituting the Review Board of the Indiana Employment Security Division, Appellee.
No. 2-881A285.
Court of Appeals of Indiana, Fourth District.
August 11, 1982.
Rehearing Denied September 21, 1982.
*1013 Nora L. Macey, Miles, Segal & Macey, Indianapolis, for claimants-appellants.
Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.
YOUNG, Presiding Judge.
Appellants-claimants Carlton Potts and Donald Tendam appeal a Review Board decision denying them unemployment benefits for the benefit year of April 1981 to April 1982. On appeal, they contend that the decision is contrary to law because the Review Board allocated wage credits for their vacation pay to the week it was paid rather than to the week the vacation occurred.
We reverse and remand.
The facts indicate that both claimants were employed at TRW Ross Gear in Lafayette when they were laid off on April 11, 1980. In that same year Ross Gear closed its plant for vacation purposes during the last week of July and the first week of *1014 August in accordance with a collective bargaining agreement. The employees were required to use their accrued vacation during this closing even though they could take additional accrued vacation at other times upon notice to the company. The collective bargaining agreement also required Ross Gear to disburse all vacation pay in the month of June. Therefore, Ross Gear paid its employees, including those on lay-off status, their vacation pay in June.[1] Both claimants received four weeks vacation pay of approximately nineteen hundred dollars at this time. Subsequent to their lay-off and in the remainder of 1980, claimants received unemployment compensation except for the two-week period the plant closed when the vacation pay was treated as deductible income thereby eliminating them from eligibility for unemployment benefits for those weeks.
In April 1981, the claimants applied for unemployment compensation for their benefit year of April 12, 1981 through April 10, 1982. To determine the claimants' eligibility, the Employment Security Division examined their earnings for their base period[2] of January 1980 to December 1980. The Division credited the claimants' vacation pay to the second quarter[3] of the base period when it was paid rather than the third quarter when the vacation occurred. Accordingly, the claimants did not have the essential nine hundred dollars of wage credits in the third or fourth quarters, and therefore, were found ineligible for benefits in this benefit year under Ind. Code 22-4-14-5.[4]
I.C. XX-X-XX-X[5], in part, requires an individual to have established wage credits of not less than nine hundred dollars in the last two calendar quarters of his base period before he can receive payment of benefits. "Wage credits" are defined as remuneration paid for employment by an employer to an individual in I.C. 22-4-4-3 and remuneration includes vacation pay under I.C. 22-4-4-1. Therefore, claimants must have nine hundred dollars of remuneration paid for employment by the employer to them in the last two quarters of 1980 to qualify for benefits.
*1015 Although claimants remained on lay-off status throughout the remainder of 1980 they contend that they established sufficient remuneration for this period under a proper crediting of their vacation pay. However, they claim the Review Board erroneously credited this vacation pay to the second quarter when it was paid rather than the third quarter when the vacation occurred. The claimants argue that the Review Board's decision to allocate the vacation pay to the quarter in which it was paid is neither mandated by statute nor by regulations. Rather the claimants find the statute to be ambiguous and suggest that it should be construed liberally in a manner which is fair and consistent. Their statutory construction includes reliance on the statutory provisions concerning deductible income[6] which allocates vacation pay, when paid prior to the vacation, prospectively to the week for which it is paid.
Under I.C. XX-X-XX-X wage credits are to be reported by the employer and credited to the individual in the manner prescribed by the board. Thus, the Act indicates that the legislature has given the Indiana Employment Security Board authority to use their expertise and discretion in determining how wage credits are reported and credited.
The board has prescribed that employers file wage reports showing the total remuneration paid for covered employment to each employee in any calendar quarter. 640 I.A.C. 1-1-1. Therefore, wage credits are reported according to the quarter in which they are paid. Under 640 I.A.C. 1-8-1, concerning wages subject to employer contributions, wages are deemed paid when they are either actually or constructively paid.[7] These regulations specifically approach wage credits from the perspective of the employer's duty to report them. The only regulation, however, addressing how wage credits are to be credited to the individual is 640 I.A.C. 1-9-5 which states:
Wages paid subsequent to the last day of an individual's base period shall constitute wage credits for the next succeeding base period; provided, such succeeding base period includes the time or period during which such wages were paid.
These regulations do not specifically address the issue in this case; however, when logically read together, they provide sufficient guidelines to establish that the board has determined that wage credits are to be credited to individuals in the same manner as they are reported by the employer. Thus, wage credits are to be credited when the remuneration is paid.
Claimants contend that this treatment of wage credits by the board is unreasonable and inconsistent with the Act's treatment of vacation pay in view of the deductible income provisions found at I.C. 22-4-5-1 and 2 which allocate the pay forward to the time for which payment is made. This contention advances a claim that the wage credit treatment for employees is out of harmony with the statute and its purposes. Therefore, we must determine whether the board has properly exercised its authority in treating the crediting and reporting of wage credits in the same manner.
Rules and regulations promulgated by administrative boards must be reasonable and reasonably adapted to carry out the purpose or object for which these boards were created. Financial Aid Corporation v. Wallace, (1939) 216 Ind. 114, 23 N.E.2d 472; 125 A.L.R. 736; Indiana Employment Security Division v. Ponder, (1950) 121 Ind. App. 51, 92 N.E.2d 224. Boards cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature, or create a rule out of harmony with the statute. Ponder, supra. If the rules are in conflict with the state's organic law, or antagonistic to the general law of the state or "opposed to *1016 the fundamental principles of justice, or inconsistent with the powers confer[r]ed upon such boards," they are invalid. Blue v. Beach, (1900) 155 Ind. 121, 131, 56 N.E. 89, 93, 50 A.L.R. 64.
The purpose of the Employment Security Act is to stabilize employment and to provide payment of benefits to persons unemployed through no fault of their own. I.C. 22-4-1-1. The Act represents social legislation and, like other social legislation, it should receive a liberal construction in order to accomplish its purposes. Hacker v. Review Board of the Indiana Employment Security Division, (1971) 149 Ind. App. 223, 271 N.E.2d 191.
The board's regulations provide wage credits to be credited to the individual for base period purposes when they are paid. For deductible income purposes, the statute allocates or credits wages to the individual when the vacation occurs. The effect of these rules and the statute in this case was that the claimants received no base period credits in the third and fourth quarters of their base period, a prerequisite to obtaining extended benefits. Yet, their vacation pay eliminated them from two weeks of benefits in the third quarter because the statute requires the remuneration to be allocated forward as deductible income. Thus, the vacation pay, when allocated as deductible income prevented claimants from receiving current benefits and the same pay, when credited by the board as wage credits, prevented them from accumulating sufficient credits to entitle them to extended benefits.
The board's rules which, for all purposes, connect the crediting of individual wage credits with employer reporting provisions rather than the deductible income provisions, when closely related, produce unfair and inconsistent results.[8] Moreover, the rules eliminate individuals from benefits which the Act was designed to assist.[9] In considering the purpose of the Act, we find the board has exceeded its authority by promulgating a rule which is not reasonably adapted to carrying out the purpose of the statute and is, in effect, out of harmony with it. Because of this determination, we reverse the Review Board's decision and remand the case for proceedings consistent with this opinion.
MILLER and CONOVER, JJ., concur.
NOTES
[1] This payment included pay for the time the plant was closed in the third calendar quarter of the year in July and August.
[2] Ind. Code 22 4 2 12 defines "base period."
[3] The base period is divided into four calendar quarters: January through March, April through June, July through September, and October through December.
[4] The Review Board adopted the referee's findings and decision as follows:

The referee now finds that the claimant, under union contract, was entitled to vacation pay. The contract provides that the vacation pay will not be paid before the 31st of May, nor later than the 30th of June. It will include all the pay to which the party is entitled for vacation that he has earned; however, the contract also specifies that there should be a vacation shutdown in July, at which time, at least two weeks of the vacation must be taken. Vacation then, can be taken for any additional weeks at times mutually convenient for the individuals and the company.
The sole question is whether or not vacation should have been allocated for weeks following June 3rd, since at times, those were considered weeks for deductible income when the claimant was on vacation. There is a certain inequity in the law in the deductible income factor where a party's vacation pay is considered deductible income, and he is not entitled to benefits at the period those vacation periods arise; however, for the purpose of computing wage credits, the law emphatically requires the employer to report wages when paid; not when due. Therefore, in computing benefits, the Employment Security Division takes those wages that have been paid to the individual, and in the quarters in which they were paid.
DECISION: Referee now finds that the computation of benefits was correct, and the claimant has no wage credits in the quarter necessary to qualify; and therefore, is not eligible for benefits.
[5] I.C. XX-X-XX-X provides in part:

As further conditions precedent to the payment of benefits to an individual with respect to benefit periods established on and after July 6, 1980: ...
(2) he must have established wage credits in the last two (2) calendar quarters of his base period in a total amount of not less than nine hundred dollars ($900) and an aggregate amount in the four (4) calendar quarters of his base period of not less than one thousand five hundred dollars ($1,500.00).
[6] Under I.C. 22-4-5-1 and 2 concerning "deductible income", the payment of accrued vacation pay is allocated to the period of time for which such payment is made if it is paid prior to the vacation period or not later than the normal pay day for the pay period in which the vacation was taken.
[7] This general rule holds true except when the employer is going out of business.
[8] The referee and Review Board recognized the inconsistency in noting: "There is a certain inequity in the law in the deductible income factor where a party's vacation pay is considered deductible income, and he is not entitled to benefits at the period those vacation periods arise; ..."
[9] Claimants suggest that the unreasonableness of the board's position is even clearer when the rule is applied to severance pay cases. Severance pay is treated like vacation pay as remuneration. I.C. 22-4-5-2. Following termination, it is allocated prospectively to the weeks for which it is paid. An employee who receives a year's severance pay when his employer closes the plant is not entitled to benefits during the year following the employment termination because of his deductible income. Schenley Distillers, Inc. v. Review Board of the Indiana Employment Security Division, (1953) 123 Ind. App. 508, 112 N.E.2d 299. At the end of the year, even if the employee has not secured new employment, he will not be entitled to unemployment compensation under the board's rules because he would have no wage credits in the base year.