FRANKLIN TOWNSHIP, HARRISON COUNTY, *v.* LITCH.

[No. 12,065. Filed February 24, 1925. Modified March 11, 1925.]

1. MASTER AND SERVANT.—*Injury from kick by a mule that was being used in construction work held in course of employment.* —Where claimant for compensation under the Workmen's Compensation Act, while working for a township widening, grading and improving a highway, was kicked by a mule that was hitched to a plow in use in such work, the contention that the injury was not in the course of the employment *held* frivolous.  p. 528.

2. MASTER AND SERVANT.—*Compensation based on wages for a nine-hour day held proper notwithstanding statute making eight hours a day's work.*—Where claimant for compensation under Workmen's Compensation Act was paid by the hour for nine hours per day, compensation calculated on weekly wages was *held* proper, notwithstanding §7977 Burns 1914, which provides that eight hours shall constitute a day's work on public work, since the statute expressly provides that a laborer may work overtime by agreement.  p. 528.

3. MASTER AND SERVANT.—*Objection that award by State Industrial Board for medical services was not sufficiently definite was without merit.*—Objection that award for medical services for thirty days after the injury, under the Workmen's Compensation Act, should have definitely stated the amount is without merit, as employer could have asked that it be made more definite, and, in case of disagreement in the future, the Industrial Board will have jurisdiction to act thereon.  p. 528.

4. MASTER AND SERVANT.—*Award that employer shall pay for artificial eye for employee unauthorized, but error can be corrected by modifying the award.*—An award under the Workmen's Compensation Act that the employer should pay for an artificial eye for an employee kicked in the eye by a mule is unauthorized by the law, but error can be corrected by modification and avoid a reversal therefor.  p. 528.

5. MASTER AND SERVANT.—*Constitutionality of Workmen's Compensation Act cannot be raised on appeal from Industrial Board.*—A question as to the constitutionality of a provision of the Workmen's Compensation Act cannot be raised in an appeal from an award of the Industrial Board.  p. 529.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by John Litch against Franklin township, Harrison

county. From an award for claimant, the defendant appeals. *Affirmed.*

*Sam V. Vogt* and *R. S. Kirkham,* for appellant.

*Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellee.

DAUSMAN, C. J.—John Litch, an employee of Franklin township, Harrison county, filed an application for compensation. The Industrial Board found that Litch was in the employment of the township, working on a public highway which the township was improving; that his average weekly wage was $13.50; that he received a personal injury by an accident arising out of and in the course of the employment; that the township had notice of the injury at the time it occurred, but did not furnish any medical treatment; and that, as a result of the injury, it became necessary to remove the employee's right eye.

The award provides that the employer shall pay weekly compensation at the rate of fifty-five per cent. of the average weekly wage for a period of 150 weeks; that the employer shall pay "the necessary and reasonable medical, surgical, hospital and nurse's services and supplies" for the first thirty days following the injury; and that the employer shall also pay for "the artificial eye which the employee was obliged to procure."

The undisputed evidence establishes the following facts:

On September 1, 1922, Litch and other workmen were engaged in widening, grading and improving a public highway. He had been helping to dig out a stump. From that particular work, he went to hitch a team in front of another team, so that the two teams would be hitched to a plow. When backing up the team for that purpose, he was kicked by a mule. There was a shoe on the hoof that struck him. The blow broke his

right cheek bone, cut his face and punctured his skull. He was taken to a hospital and it was found necessary to remove his right eye. His average weekly wage was $13.50. He was paid by the hour and worked nine hours a day.

Bearing on the proposition that the finding is not supported by the evidence, the employer makes the following contentions: (1) That the injury did not arise out of the employment; and (2) that the finding as to the average weekly wage is erroneous, being too high. The first contention is frivolous. The argument in support of the second contention is that a statute provides that eight hours shall constitute a day's work. §7977 Burns 1914, Acts 1899 p. 143. The statute, however, expressly provides that a laborer may work overtime by agreement.

Bearing on the proposition that the finding does not support the award, the employer makes the following contentions: (1) That the amount to be paid for medical services, etc., should have been definitely stated in the award, and (2) that the board had no authority to require the employer to pay for the artificial eye. The first of these contentions is without merit. If the award is not sufficiently definite with respect to the amount to be paid for medical services, etc., the employer might have asked that it be made more definite in that respect; but if, in the future, there should be a disagreement on that subject, the Industrial Board will have jurisdiction to act thereon. The second contention seems to be valid. No provision of the compensation law which requires an employer to pay for an artificial eye has been pointed out to us, and we know of none. However, the fact that the award contains that requirement does not necessarily require a reversal, for the award may be modified as to that

feature. *Milspaugh & Irish Co.* v. *Lunte* (1924), *ante* 143, 144 N. E. 147.

The employer presents the further contention that the title of the original compensation act is not broad enough to include the provision of §18 of the amendatory act of 1919 (Acts 1919 p. 158, §8020b1 Burns' Supp. 1921), which makes the compensation plan apply to the State, the political divisions thereof, and all municipal corporations. This contention we will not consider. *Venable* v. *Fairmount Glass Works* (1924), 83 Ind. App. ——, 145 N. E. 581.

The Industrial Board is directed to amend the award by eliminating the words "and for the artificial eye which the plaintiff was obliged to procure"; and, as thus amended, the award is affirmed.