INDIANA & MICHIGAN ELECTRIC COMPANY v. LYLE MILLER, DEAN MILLER.

[No. 2-775A161 and 2-775A162. Filed June 13, 1977.]

*Edward N. Kalamaros, Edward N. Kalamaros & Associates,* of South Bend, for appellant.

*Charles A. Sweeney, Jr., Kramer, Rowe, Sweeney, Butler, Simeri and Laderer,* of South Bend, for appellees.

WHITE, J.—Since these cases involve a common question of law arising out of similar but unrelated industrial accidents we dispose of both in the same opinion. In each case the Industrial Board ordered the employer to pay or reimburse the employee for dental expenses resulting from repair or replacement of a dental prosthesis damaged or destroyed in an accident arising out of and in the course of the employment. Holding these expenses are not expenses occasioned by personal injury we reverse.

In Lyle Miller's case the Board's recitals preliminary to its award include the following paragraphs:

"At the hearing the parties submitted the following written stipulation of fact and issues to the court: 'Plaintiff received injuries resulting from an accident arising out of and in the course of his employment as a line employee for the defendant. While pressing a cable lock, the press handle slipped from the plaintiff's hand striking him in the mouth. The blow broke two caps off of the plaintiff's teeth. Glenn Brinker, D.D.S., treated the plaintiff, inserting two porcelain and gold crowns by cementing

them to the upper central incisors. The medical bills for this treatment totaled $330.00.'

"At the hearing it was further stipulated and agreed that plaintiff was in the employ of the defendant on the 23rd day of April, 1973, was in the employ of the defendant at an average weekly wage in excess of the maximum statutory amount; that on same date the plaintiff was involved in an accident arising out of and in the course of his employment with the defendant, that the plaintiff did not suffer any temporary total disability, or permanent partial impairment, as a result of such accident."

In Dean Miller's case the recitals contain similar paragraphs, showing that his accident occurred May 3, 1972, and describing it and its results thus:

"A chain falling from a winch eye struck plaintiff in the mouth shattering a three-unit porcelain fused dental bridge. Ronald Duck, D.D.S. treated the plaintiff, replacing the damaged teeth with a new fixed bridge. The medical bills for this treatment totaled $360.00."

Neither party has cited a case in which an Indiana court has considered the question of whether compensation may be given for damages to an artificial member as a result of an accidental injury and we have found none.

The basic statute of "The Indiana Workmen's Compensation Act of 1929"[1] is its section 2, which, as last amended in 1974 by P.L. 108, § 2, is Ind. Ann. Stat. § 22-3-2-2 (Burns Code Ed., 1976 Supp.), reads in pertinent part as follows: "From and after the taking effect of this law, every employer and every employee . . . shall be required to comply with the provisions of this law, respectively *to pay* and accept *compensation for personal injury* or death by accident arising out of and in the course of the employment, and shall be bound thereby." (Our emphasis.) Section 73, now Ind. Ann. Stat. § 22-3-6-1 (Burns Code Ed., 1974) defines several terms including: "(d) 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the

1. So named by its first section. Ind. Acts 1929, Ch. 172, § 1, Ind. Code § 22-3-2-1.

employment and shall not include a disease in any form except as it shall result from the injury."

In 1943, by Chapter 136, § 5, p. 399, the General Assembly amended section 25 of the Act, now Ind. Ann. Stat. § 22-3-3-4 (Burns Code Ed., 1974) by adding the last paragraph reading: "Where a compensable injury results in the amputation of an arm, hand, leg or foot or the enucleation of an eye or the loss of *natural* teeth, employer shall furnish an artificial member, and where required, proper braces." (Our emphasis.)

Dean Small's WORKMEN'S COMPENSATION LAW OF INDIANA (1950), § 8.7, p. 186, comments on the amendment and on the question before us in these cases, as follows:

"Since 1943, a workman who has suffered as a result of a compensable accident the amputation of a member, or the loss of an eye or natural teeth, may require the employer to furnish an artificial member, and where required, proper braces. About one-half of the Workmen's Compensation Acts in the United States contain such a provision.[18] However, the Indiana Act was silent on the subject until 1943, when the provision was inserted as an added paragraph of Section 25 (Burns Supp. § 40-1225) dealing with medical, hospital, and nurse services. Prior to that time, the Appellate Court had held that an employer could not be required to buy an employee a glass eye after he had been kicked in the eye by a mule.[19] This case is now obviously superseded by the 1943 amendment.

"The question is still unsettled in Indiana however, as to whether compensation may be given for damage to an artificial member as a result of an accidental injury. Several states have expressly provided for damage to artificial members in their statutes, but where the statute is silent, most jurisdictions have held that artificial members are not the subject for compensation.[20] It is probable that this would be the Indiana position, since the language in the amendment to the statute is that where there is a loss of natural teeth, the

[18] See 4 Schneider, Workmen's Compensation Text (3rd ed., 1945) 492.
[19] Franklin Twp. v. Litch, 82 Ind. App. 526, 146 N.E. 845 (1925).
[20] See Schneider, supra, note 18. The Colorado Court for example [in *London Guar. & Acc. Co.* v. *Indus. Comm.*, 80 Colo. 162, 249 P. 642] said 'Compensation can be awarded for personal injuries only. A wooden leg is a man's property, not part of his person,' "

employer shall furnish an artificial member. It would be implied from the emphasis placed on the word, natural, in connection with teeth, that the Legislature intended to benefit dismembered workmen in the other cases only to the extent of their losses of natural members. It is unfortunate that the Legislature did not see fit to include artificial members within the grant. A workman whose artificial leg, eye, etc. has been destroyed is in no better position to pay for its replacement than he was when he lost his natural member. Yet, under the existing amendment, he can demand an artificial member in one case, but not in the other.".

The Industrial Board took a different view in the case before us. It made "Findings", including the following: "Permanent bridges, capped teeth, crowns on the teeth and any other dental work in the nature of being permanently affixed to the natural teeth are injuries to those natural teeth; whereas, removable teeth or any dental work of a nature not being permanently affixed to permanent teeth are not compensable as being in the nature of personal property as argued by the defendant."

Though the person with a capped tooth or a permanent bridge may be more inclined to feel that it is a part of his body than does the person who removes his dentures when he retires for the night, the fact is that no person has yet learned to breathe life into an inanimate object. Permanent attachment to the human body does not accomplish that miracle. The distinction the Board attempts to draw is invalid.

We agree with Dean Small that the language of the 1943 amendment implies a legislative intent to provide artificial replacements only where there has been the loss of a natural member. We also agree that this is unfair to workmen whose artificial members are damaged in what otherwise would be compensable accidents. That, however, is an inequity which only the legislature can remedy. And in this age of artificial implants it is time that careful legislative attention be paid this problem.

The awards are set aside and the cases are remanded to the Industrial Board for further proceedings not inconsistent with the views expressed herein.

Sullivan, J., concurs.

Garrard, J., participating by designation, concurs.

NOTE.—Reported at 363 N.E.2d 1053.